Plaintiff on behalf of itself and its subcontractors seeks an equitable adjustment under the Changes provision of its contract with the Government Services Administration for the installation within a specified period of a central air conditioning system in the main Post Office in New York City and the Morgan Annex. Before issuance of the invitation for bids, the Government had entered into five other contracts with different contractors to perform in essentially the same work areas where plaintiff was to perform. Plaintiff’s work and that of its subcontractors was interrupted and delayed by GSA and the Post Office Department, particularly because of the priority given to the contractor engaged in the erection of the mail flow conveyor system in the same area as plaintiff. Trial Commissioner William E. Day issued a report on March 4, 1971 concluding that the repeated rescheduling of plaintiff’s work and that of its subcontractors made necessary by defendant’s unreasonable deference to the other contractors constituted a change in the contract work compensable by an equitable adjustment in the contract price; and that effective control over the work of plaintiff and its subcontractors was exercised not by the contracting agency *1030 but by the Post Office, since it controlled tbe work and storage areas required to accomplish the work. The administrative board, apparently because the contract did not contain a suspension of work clause, concluded that plaintiff’s claims were delay claims and therefore not redressable under the contract. Commissioner Day held that the claims are redressable not as delay claims but as equitable adjustment claims under the Changes clause, because the Government did in fact change the work schedule of plaintiff and its subcontractors throughout the performance of the work as long as work was performed by the mail flow conveyor system contractor. Commissioner Day further determined that since the contracting officer had full knowledge of the work area and storage area conflicts, defendant was equitably estopped from insisting that the authorization for the changes be in writing as required by the contract. On May 18,1971 the court entered an order adopting Commissioner Day’s opinion, which was made a part of the order, as its judgment in this case. The court granted plaintiff’s motion for summary judgment, denied defendant’s cross-motion and dismissed defendant’s counterclaim (for delay in completing the contract work). Further proceedings are stayed pursuant to Rule 167 for 90 days to afford the parties an opportunity to obtain administrative resolution of the equitable adjustment to which plaintiff (and plaintiff on behalf of its subcontractors) is entitled.